**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KONRAD GRABOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-CV-11564 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| ILLINOIS INSTITUTE OF | ) | |
| TECHNOLOGY, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, KONRAD GRABOWSKI ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, ILLINOIS INSTITUTE OF TECHNOLOGY ("IIT" or "Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.       This is an action for damages and equitable and injunctive relief for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4.       Plaintiff is an individual who was at all relevant times residing in Munster, Indiana.

5.       On information and belief, IIT is a not-for-profit corporation of the State of Illinois, which has its principal place of business in Chicago, Illinois.

6.      IIT is a "person" as defined in 29 U.S.C. § 630(a), as it is a corporation and an organized group of persons.

7.      IIT is also an "employer" as defined in 29 U.S.C. § 630(b), as, on information and belief, it engaged in an industry affecting commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8.      Plaintiff is also an "employee" as defined in 29 U.S.C. § 630(f), as he is an individual who was employed by IIT, an employer.

## BACKGROUND FACTS

9.      All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a.      Plaintiff filed a Charge of Discrimination, number 440-2016-05560, with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2016. A copy said Charge, redacted to compy with Fed. R. Civ. P. 5.2, is attached hereto as Exhibit 1.

    b.      The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on September 30, 2016. A copy said Notice is attached hereto as Exhibit 2.

10.     Plaintiff began his employment with IIT on April 7, 1980.

11.     Plaintiff's most recent position with IIT was Senior Maintenance Mechanic II.

12.     Throughout his employment with IIT, Plaintiff performed the duties of his jobs to all legitimate expectations.

13.     On March 21, 2016, IIT terminated Plaintiff's employment.

14.     At the time of his termination by IIT, Plaintiff was 63 years old. Therefore, at the time of his termination by IIT, Plaintiff was a member of a protected class.

15.     One or more similarly-situated employees outside of Plaintiff's protected class were treated more favorably than Plaintiff.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

16.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if fully reiterated herein.

17.     Defendant, in violation of the provisions of 29 U.S.C. § 623, has denied and continues to deny Plaintiff an equal opportunity for employment because of his age.

18.     During Plaintiff's employment with IIT and when Plaintiff was terminated by IIT, he was subjected to age discrimination in that there was a double standard between older employees and younger employees who were not included within the protected class. Plaintiff's younger counterparts were not subjected to the discriminatory treatment to which Plaintiff was subjected.

19.     The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances set forth in Exhibit 1. All of the actions of the individuals described in Exhibit 1 were undertaken in their capacities as the employees, agents and/or authorized representatives of IIT.

20.     IIT, through its employees, agents and/or authorized representatives, knew that its termination and prior discriminatory treatment of Plaintiff because of his age violated the ADEA.

21.     This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining IIT from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his age with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise

adversely affect his status as an employee, because of his age. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him, but for IIT's unlawful and illegal discriminatory acts and practices.

22.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from IIT's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff, KONRAD GRABOWSKI, respectfully prays this Honorable Court enter judgment against Defendant, ILLINOIS INSTITUTE OF TECHNOLOGY, as follows:

a.      Declaring the Defendant's practices complained of herein unlawful and in violation of the ADEA;

b.      Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.      Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of age;

d.      Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would

have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

KONRAD GRABOWSKI

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Illinois Attorney No. 6212141
       Law Offices of Todd M. Friedman, P.C.
       111 West Jackson Blvd., Suite 1700
       Chicago, IL 60604
       Phone: (312) 212-4355
       Fax: (866) 633-0228
       dlevin@toddflaw.com

       /s/ Todd M. Friedman
       Attorney for Plaintiff
       Illinois Attorney No. 6276496
       Law Offices of Todd M. Friedman, P.C.
       21550 Oxnard Street, Suite 780
       Woodland Hills, CA 91367
       Phone: (877) 206-4741
       Fax: (866) 633-0228
       tfriedman@toddflaw.com

EXHIBIT 1

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.

**DAVID B. LEVIN**
**ONE SOUTH DEARBORN, SUITE 2100**
**CHICAGO, ILLINOIS 60603**
**PHONE (312) 212-4355**
**FACSIMILE (866) 633-0228**
**WWW.TODDFLAW.COM**
**EMAIL: DLEVIN@TODDFLAW.COM**
**LICENSED IN: ILLINOIS, OHIO AND WEST VIRGINIA**

August 17, 2016

**VIA FACSIMILE AND FEDERAL EXPRESS DELIVERY**
**FACSIMILE NUMBERS (312) 869-8220 AND (317) 226-7953**

Ms. Julianne Bowman, Director
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2000
Chicago, IL 60661

Mr. Webster Smith, Director
Equal Employment Opportunity Commission
Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, IN 46204

> **RE:** **Konrad Grabowski v. Illinois Institute of Technology**
> **Charge of Employment Discrimination**

Dear Ms. Bowman and Mr. Smith:

Please accept this letter as a complaint/charge of age discrimination by my client, Konrad Grabowski. Please also accept this as my appearance as Mr. Grabowski's attorney before the EEOC. Enclosed is a letter of representation signed by Mr. Grabowski, confirming his authorization for me to act on his behalf.

Our client lives in Indiana, within the jurisdiction of the Indianapolis District Office, but his former employer is located in Illinois, within the jurisdiction of the Chicago District Office. We are unclear as to which office we should be directing this complaint/charge, so we are sending it to both.

Mr. Grabowski is a 64-year-old male (date of birth        1952). He was first hired by Illinois Institute of Technology ("IIT") on April 7, 1980 with the job title of "Journeyman A." He was terminated by IIT on March 21, 2016. At that time, he held the job title of "Senior Maintenance Mechanic II." His duties primarily included HVAC (heating, ventilation and air conditioning) and electrical projects, maintenance, repairs and service.

-2-

At the time of termination, his supervisor, Kevin Gallagher, Director of Facilities at IIT, raised a few issues which were said to be indicative of Mr. Grabowski's unsafe work performance. However, there are valid explanations for each of the so-called "unsafe" incidents raised by Mr. Gallagher. During Mr. Grabowski's 36 years working at IIT, no such action had ever been taken against an employee for situations like those used to support his termination.

We firmly believe that the real reason Mr. Grabowski was terminated was so the university could save money by replacing him with younger and less tenured employees. It is important to point out that Mr. Grabowski was successful in obtaining unemployment benefits after his termination. The Administrative Law Judge found that Mr. Grabowski "did not violate any employer policies or procedures" and that he "did not commit actions in this instance which would constitute misconduct connected with work." (Illinois Department of Employment Security Claimant ID 5779173, Docket No. 1614450, decision dated May 17, 2016).

The following information supports my client's position in this matter.

- In the summer of 2014, Mr. Grabowski took a medical leave of absence from IIT while undergoing hip replacement surgery. A younger, 30-year-old employee named John Rachon – who is a friend of another of Mr. Grabowski's supervisors, Matt Cusack – was hired as Mr. Grabowski's replacement despite having no proper training in electrical work.

- When Mr. Grabowski returned from his leave of absence, Mr. Rachon continued to be employed to work Saturdays and Sundays, thereby denying Mr. Grabowski the right to work overtime. However, another younger employee, Erik Mendoza, was allowed to continue working overtime hours. Other employees in similar positions have been allowed to work overtime since Mr. Grabowski's termination.

- After Mr. Grabowski's termination, Mr. Rachon was hired as a full-time employee by IIT at a lower rate per hour than Mr. Grabowski was earning. In addition, Mr. Grabowski had three children enrolled in school at IIT who were receiving free or discounted tuition, while none of Mr. Rachon's children are enrolled at IIT. Finally, IIT does not have to pay any contributions to Mr. Rachon's 401(k) plan for three years, while it was making substantial contributions to Mr. Grabowski's 401(k) plan prior to his termination.

- Another younger employee, Diego Vargas, was hired on or about January 25, 2016, shortly before Mr. Grabowski's termination. He is paid nearly six dollars less per hour than Mr. Grabowski was earning and he receives no benefits.

- Mr. Grabowski found a letter on Mr. Rachon's desk, which was directed to Mr. Grabowski and other older employees, with the intent of trying to terminate them.

- On numerous occasions, Mr. Cusack would ask Mr. Grabowski when he was planning to retire from IIT.

-3-

- Despite his age, in January of 2016, Mr. Grabowski's work vehicle was taken away, thereby limiting his ability to move quickly around the IIT campus for emergency repairs or similar situations. This hindered him from performing his job duties in an efficient and effective manner. The excuse that was used was that it was too rusty, yet other employees were allowed to continue driving other vehicles around campus which were in similar states.

- Based upon Mr. Grabowski's benefits, if IIT has laid him off as opposed to terminating him, he would have been entitled to receive 18 weeks' pay. He also would have been eligible for unemployment benefits.

- In the latter part of 2015, the IIT members of the union which represented Mr. Grabowski voted to terminate their relationship with that union. A new union did not begin representing those employees until after Mr. Grabowski was terminated. Thus, IIT terminated Mr. Grabowski within the short time frame during which he did not have a union available to represent his interests.

Based upon the above, Mr. Gallagher, Mr. Cusack and IIT are in violation of the Age Discrimination in Employment Act – specifically 29 U.S.C. § 623(a) – which states, "It shall be unlawful for an employer…[to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…"

Mr. Grabowski's address is 9454 Fran Lin Parkway, Munster IN 46321. His telephone number is (219) 789-0175. However, it is requested that all communication with Mr. Grabowski be directed to my office as his legal counsel.

Mr. Gallagher's address at IIT is 100 W. 33rd Street, Machinery Hall, Room 200, Chicago, Illinois 60616. His telephone number is (312) 567-8992. It is believed that Mr. Cusack can be reached at the same location.

Proceedings have NOT been commenced before the Illinois Department of Human Rights. Thank you for your time and attention to this matter. If you need any additional information, please do not hesitate to contact me.

Sincerely,

David B. Levin
Attorney At Law

| | |
|---|---|
| **From:** | Send2Fax Email to Fax |
| **To:** | Helen Seely |
| **Subject:** | Fax Confirmation -OK |
| **Date:** | Wednesday, August 17, 2016 5:17:47 PM |

Your fax to an unknown recipient at fax number 3128698220 succeeded.

FSID: 67356595

Attempts made: 1
Pages delivered: 5
Minutes spent delivering this fax : 1.0
The baud rate was: 28800

The following are the attempts made and the result that occured:
08/17/2016 - 15:16:02 - 0( Success )


Documents being delivered:
1   signed charge letter.pdf
2   Signed EEOC rep ltr.pdf

**From:**      Send2Fax Email to Fax
**To:**        Helen Seely
**Subject:**   Fax Confirmation -OK
**Date:**      Wednesday, August 17, 2016 5:19:22 PM

---

Your fax to an unknown recipient at fax number 3172267953 succeeded.

FSID: 67357239

Attempts made: 1
Pages delivered: 5
Minutes spent delivering this fax : 1.5
The baud rate was: 24000

The following are the attempts made and the result that occured:
08/17/2016 - 15:17:21 - 0( Success )


Documents being delivered:
1   signed charge letter.pdf
2   Signed EEOC rep ltr.pdf

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2016-05560 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Konrad Grabowski** | **(219) 789-0175** | **-1952** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9454 Fran Lin Parkway, Munster, IN 46321** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ILLINOIS INSTITUTE OF TECHNOLOGY** | **500 or More** | **(312) 567-3000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3300 S. Federal Street, Chicago, IL 60616** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest
**03-21-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I began employment with Respondent on or about April 7, 1980. My most recent position was Senior Maintenance Mechanic II. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, being denied overtime and use of a vehicle. On or about March 21, 2016, I was discharged.**

**I believe that I was discriminated against because of my age, 64 (Date of Birth: 1952), in violation of the Age Discrimination in Employment Act of 1967, as amended.**

RECEIVED EEOC

SEP 2 3 2016

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Sep 23, 2016** _____<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT 2

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Konrad Grabowski**<br>**C/O David B. Levin**<br>**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**<br>**One South Dearborn Street**<br>**Suite 2100**<br>**Chicago, IL 60603** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2016-05560** | **Benjamin Arnold,**<br>**Investigator** | **(312) 869-8139** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Julianne Bowman*      9-30-16

**Julianne Bowman,**      *(Date Mailed)*
**District Director**

cc: **Candida Miranda**
**Associate General Counsel**
**EEO/AFFIRMATIVE ACTION**
**Illinois Institute of Technology**
**10 West 35th St., 1900 SW**
**Chicago, IL 60616**