IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KONRAD GRABOWSKI,<br><br>      Plaintiff,<br><br>v.<br><br>ILLINOIS INSTITUTE OF TECHNOLOGY,<br><br>      Defendant. | No. 16-CV-11564<br><br>Honorable Matthew F. Kennelly |

**DEFENDANT ILLINOIS INSTITUTE OF TECHNOLOGY'S
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Illinois Institute of Technology, by and through its attorneys, Franczek Radelet P.C., responds to Plaintiff Konrad Grabowski's Complaint as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

**ANSWER:** Defendant admits that Plaintiff is asserting claims under the Age Discrimination in Employment Act ("ADEA"). Defendant specifically denies violating the ADEA and denies the remaining allegations of Paragraph 1.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant admits that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331. Defendant denies the remaining allegations of Paragraph 2.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b). To the extent that Defendant admits below that any of the events alleged in the

Complaint took place, Defendant admits that such events took place in substantial part within this District. Defendant denies the remaining allegations in Paragraph 3.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Munster, Indiana.

**ANSWER:** Defendant admits the allegations of Paragraph 4.

5. On information and belief, IIT is a not-for-profit corporation of the State of Illinois, which has its principal place of business in Chicago, Illinois.

**ANSWER:** Defendant admits the allegations of Paragraph 5.

6. IIT is a "person" as defined in 29 U.S.C. § 630(a), as it is a corporation and an organized group of persons.

**ANSWER:** Defendant admits that it is a nonprofit corporation and that it is a "person," as defined in 29 U.S.C. § 630(a). Defendant denies the remaining allegations in Paragraph 6.

7. IIT is also an "employer" as defined in 29 U.S.C. § 630(b), as, on information and belief, it engaged in an industry affecting commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. Plaintiff is also an "employee" as defined in 29 U.S.C. § 630(f), as he is an individual who was employed by IIT, an employer.

**ANSWER:** Defendant admits that Plaintiff was formerly an "employee" of IIT as defined in 29 U.S.C. § 630(f). Defendant denies the remaining allegations in Paragraph 8.

## BACKGROUND FACTS

9. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

      a.      Plaintiff filed a Charge of Discrimination, number 440-2016-05560, with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2016. A copy said Charge, redacted to comply with Fed. R. Civ. P. 5.2, is attached hereto as Exhibit 1.

      b.      The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on September 30, 2016. A copy said Notice is attached hereto as Exhibit 2.

**ANSWER:** Defendant denies that Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission on August 17, 2016. Defendant admits the remaining allegations in Paragraph 9.

10. Plaintiff began his employment with IIT on April 7, 1980.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Plaintiff's most recent position with IIT was Senior Maintenance Mechanic II.

**ANSWER:** Defendant admits the allegations in Paragraph 11.

12. Throughout his employment with IIT, Plaintiff performed the duties of his jobs to all legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 12.

13. On March 21, 2016, IIT terminated Plaintiff's employment.

**ANSWER:** Defendant admits the allegations in Paragraph 13.

14. At the time of his termination by IIT, Plaintiff was 63 years old. Therefore, at the time of his termination by IIT, Plaintiff was a member of a protected class.

**ANSWER:** Defendant admits the allegations in Paragraph 14.

15. One or more similarly-situated employees outside of Plaintiff's protected class were treated more favorably than Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 15.

1828026.5

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if fully reiterated herein.

**ANSWER:** Defendant incorporates its answers to the foregoing paragraphs here by reference.

17. Defendant, in violation of the provisions of 29 U.S.C. § 623, has denied and continues to deny Plaintiff an equal opportunity for employment because of his age.

**ANSWER:** Defendant denies that it engaged in any unlawful action and denies the remaining allegations in Paragraph 17.

18. During Plaintiff's employment with IIT and when Plaintiff was terminated by IIT, he was subjected to age discrimination in that there was a double standard between older employees and younger employees who were not included within the protected class. Plaintiff's younger counterparts were not subjected to the discriminatory treatment to which Plaintiff was subjected.

**ANSWER:** Defendant denies that it discriminated against Plaintiff on the basis of age or any other legally protected characteristic and denies the remaining allegations in Paragraph 18.

19. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances set forth in Exhibit 1. All of the actions of the individuals described in Exhibit 1 were undertaken in their capacities as the employees, agents and/or authorized representatives of IIT.

**ANSWER:** Defendant denies that it subjected Plaintiff to any discriminatory treatment and denies the remaining allegations in Paragraph 19.

20. IIT, through its employees, agents and/or authorized representatives, knew that its termination and prior discriminatory treatment of Plaintiff because of his age violated the ADEA.

**ANSWER:** Defendant denies that it acted unlawfully—or knew that it acted unlawfully—in its treatment and termination of Plaintiff. Defendant denies the remaining allegations in Paragraph 20.

1828026.5

21. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining IIT from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his age with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him, but for IIT's unlawful and illegal discriminatory acts and practices.

**ANSWER:** Defendant admits only that, in the Complaint, Plaintiff seeks a declaratory judgment, money damages and a permanent injunction against Defendant. Defendant denies that Plaintiff is entitled to restitution, a permanent injunction against Defendant, or any other relief from Defendant. Defendant further denies that it discriminated against Plaintiff, deprived Plaintiff of equal employment opportunities, or otherwise adversely affected his status as an employee because of his age. Defendant denies that it engaged in any unlawful or illegal discriminatory acts or practices and denies the remaining allegations in Paragraph 21.

22. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from IIT's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

**ANSWER:** Defendant denies the allegations in Paragraph 22.

Wherefore, Plaintiff, KONRAD GRABOWSKI, respectfully prays this Honorable Court enter judgment against Defendant, ILLINOIS INSTITUTE OF TECHNOLOGY, as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADEA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in

5

      violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of age;

d.    Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

**ANSWER:** Defendant denies that the ADEA allows for recovery of punitive damages, and further denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

**ANSWER:** Defendant admits only that Plaintiff purports to demand a trial by jury on all issues in this action except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's damages should be barred or reduced to the extent that Plaintiff failed to properly mitigate his damages by, among other things, making reasonable efforts to secure alternative employment following his separation from employment with Defendant.

6

2. To the extent that Plaintiff adequately mitigated his damages, any damages awarded to Plaintiff must be reduced by the amount of any substitute income received by Plaintiff.

3. Plaintiff's claims are barred to the extent that Plaintiff seeks to recover for alleged unlawful employment actions occurring more than 300 days before he filed his charge with the U.S. Equal Employment Opportunity Commission.

4. After Plaintiff's discharge, Defendant obtained additional information that, had it been discovered during Plaintiff's employment, would have resulted in his discharge. As a result, Plaintiff's recovery of back pay, if any, must be reduced, and he is not entitled to reinstatement or front pay. Plaintiff's misconduct includes, but is not limited to:

    a. Plaintiff misappropriated tools and property worth thousands of dollars.

    b. Plaintiff engaged in unsafe behavior that placed co-workers and others at serious risk of severe injury or death, beyond the incidents that prompted his discharge.

    c. Plaintiff engaged in highly inappropriate conduct toward co-workers and others, including but not limited to use of racial slurs and derogatory remarks and vandalism of co-workers' property.

Respectfully Submitted,

ILLINOIS INSTITUTE OF TECHNOLOGY


By: /s/ Karen L. Courtheoux
       One of Its Attorneys

William R. Pokorny (06275705)
Karen Courtheoux (06303103)
Franczek Radelet P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300

Dated:   January 26, 2017

8

1828026.5

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 26, 2017, she electronically filed the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| David B. Levin | Todd M. Friedman |
| Illinois Attorney No. 6212141 | Illinois Attorney No. 6276496 |
| Law Offices of Todd M. Friedman, P.C. 111 West Jackson Blvd., Suite 1700 | Law Offices of Todd M. Friedman, P.C. 21550 Oxnard Street, Suite 780 Woodland Hills, CA 91367 |
| Chicago, IL 60604 | |
| Phone: (312) 212-4355 | Phone: (877) 206-4741 |
| Fax: (866) 633-0228 | Fax: (866) 633-0228 |
| dlevin@toddflaw.com | tfriedman@toddflaw.com |

                                               */s/* Karen L. Courtheoux